NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DON T. BEGINA,

   Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

   Defendant.

Civil Action No. 17-1323-BRM

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is Don T. Begina's ("Begina") appeal from the final decision of the Acting Commissioner of Social Security ("Commissioner"),[1] denying his application for disability insurance benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the matter is **REMANDED** for further proceedings.

**I. BACKGROUND**

  On May 17, 2013, Begina filed a Title II application for a period of disability and disability insurance benefits, alleging disability since January 8, 2013. (Tr. 126.) The claim was denied on January 7, 2014, and denied upon reconsideration on April 24, 2014. (Tr. 149-53, 157-59.) Begina

---

[1] Upon the Appeals Council's Order denying Begina's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1.)

filed a written request for hearing on May 7, 2014. He appeared and testified at the hearing held on December 8, 2015. (Tr. 80-116.)

On April 19, 2016, the ALJ found Begina: (1) did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured; (2) that he had several severe impairments; (3) that he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Suppart P, Appendix 1; (4) that Begina had a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b); and (5) that there were jobs that existed in significant numbers in the national economy that Begina could have performed. (Tr. 50-77.) The Appeals Council denied Begina's request for review. (Tr. 1-6.) Therefore, having exhausted his administrative remedies, he brought this appeal on February 26, 2017. (ECF No. 1.)

## II.  STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether

an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416 .920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic

work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental

4

> demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482

U.S. at 146-47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

**III. DECISION**

Plaintiff argues the ALJ erred when she "improperly substituted her judgment for that of the medical experts. Compounding this, she failed to show any deference to the opinions of [] Begina's treating pain specialists." (ECF No. 8 at 1). According to Begina, as a result of this error, the ALJ's RFC finding is outside the bounds of Begina's "chronicled health issues." (*Id.*) The Commissioner argues that substantial evidence supports the ALJ's decision.

As such, the main issue is whether the ALJ erred at step-four of the analysis when she determined Begina's RFC. (ECF No. 15 at 5-6.). For example, Begina argues the ALJ pulled "out of thin air her own self serving limitation that [] Begina was restricted to merely occasional overhead reaching with his non-dominant arm." (ECF No. 8 at 25.) Begina further argues the ALJ "fabricated other work restrictions." (*Id.*) "These limitation [sic] included that [] Begina could stand/walk for 4 hours a day with a 30 minute sit/stand option []." (*Id.*) In addition, he argues "the ALJ's RFC finding (light work – lifting 20 pounds coupled with consistently walking, standing, and sitting for a total of eight hours a day)" lacks merit. (ECF No. 15 at 6.)

The ALJ found Begina:

> had the residual functional capacity to perform light work as defined in 20 CFR404.1567(b) except that he could perform work related activities involving and/or walking up to 4 hours in an 8 hour work day with a sit/stand option allowing for a change of position from sitting to standing every 30 minutes or so at will, with lifting, carrying, pushing and pulling limited to 10 pounds, no ladders, ropers or scaffolds, heavy machinery or heights, occasionally climbing ramps and stairs, crouching, crawling, stooping, kneeling, and balancing, no exposure to environmental pollutants, extreme temperatures or humidity, and no overhead reaching with the non-dominant arm.

(ECF No. 5-2 at 58.) The ALJ admits "[t]he physical ability to perform the full range of light work requires the ability to occasionally lift up to 20 pounds at a time, and to frequently lift and carry up to 10 pounds." (ECF No. 5-2 at 65.) Walking and standing are also required frequently. (*Id.*) Occasionally means "occurring very little up to one-third of the time, and generally totals no more than about 2 hours of an 8 hour work day." (*Id.*) Frequently, means "occurring regularly, up to two-thirds of an 8 hour work day." (*Id.*)

The Court agrees with Begina. When reviewing the evidence in its totality, the ALJ's decision as to the RFC is not supported by substantial evidence. The ALJ found Begina had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b).

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567. The ALJ points to no evidence, for which it assigned weight to, determining that Begina could lift 20 pounds at a time, or anything above 10 pounds at a time.

Only two medical experts found Begina could lift 20 pounds. However, the ALJ assigned little weight to their findings and conclusions as to lifting the 20 pounds. The State agency's medical consultants concluded Begina could lift 20 pounds occasionally and 10 pounds frequently, but the ALJ "assign[ed] little weight to the State agency medical consultants' opinion that the claimant could lift 20 pounds occasionally, 10 pounds frequently." (ECF No. 5-2 at 68.) Anthony Lemaie, M.D. concluded Begina had no limitation to lifting. (*Id.* at 69) However, the ALJ assigned

7

"only limited weight to Dr. Lemaire's opinion [] overall. I assign great weight to Dr. Lemaire's opinion suggesting that the claimant's limitations were not disabling." (*Id.*)

Mark Niemiera, M.D. found Begina could lift and carry less than 10 pounds, to which the ALJ assigned little weight. (*Id.*) Rober Schanzer, M.D. concluded Begina could lift and carry up to 10 pounds, to which the ALJ assigned great weight. (*Id.* at 69-70.) Michael O'Hara, M.D. also found Begina could lift and carry up to 10 pounds but could lift "very little" occasionally. (*Id.* at 70.) The ALJ assigned great weight to Dr. O'Hara's opinion that he could lift and carry 10 pounds. (*Id.*) Dr. Grewal concluded the claimant could not lift, which the ALJ assigned little weight to but assigned great weight to his opinion that Begina would have difficulty reaching. (*Id.* at 71.) Joanne White, A.P.N., found he "could not climb stairs for one week and lift no greater than one pound for one week." (*Id.*) However, the ALJ afforded her opinion little weight. (*Id.* at 72.) "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities," including lifting 20 pounds at a time. 20 C.F.R. § 404.1567. As such, the ALJ has not supported its RFC determination. Because a supporting explanation is lacking as to why the ALJ believes Begina could perform light work and carry 20 pounds at a time, this matter shall be remanded for further proceedings.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court **REMANDS** this matter for further proceedings.

**Date:** October 31, 2018         */s/ Brian R. Martinotti*
                                  **HON. BRIAN R. MARTINOTTI**
                                  **UNITED STATES DISTRICT JUDGE**

---

[2] Begina argues the ALJ fabricated multiple limitations. Because the Court has determined the ALJ has not justified its findings that Begina could lift up to 20 pounds at a time, it need not address all other limitations. However, the ALJ should evaluate all limitations when this matter is remanded.

8